*981 OPINION.
Van Fossan:
The only issue submitted is whether or not the respondent erred in his refusal to assess petitioner’s taxes under section 328 of the Revenue Act of 1918, which provides for the relief of certain corporations by special assessment. That section, however, is applicable only to the particular cases designated in section 327 and any taxpayer seeking relief under section 328 must bring itself clearly within at least one of the four classes enumerated in section 327. Petitioner relies upon subdivisions (c) and (d) of section 327, alleging that there was paid in for stock a mixed aggregate of tangible and intangible property, the cost- of which is not reflected upon the books of the predecessor partnerships and is not ascertainable. Petitioner insists, therefore, that invested capital can not be determined in accordance with sections 326 and 331, and that further abnormalities existed by reason of the low salaries of its officers and the low rental paid.
The facts before us are insufficient to sustain the claims of petitioner in any respect. The evidence introduced relating to the assets and condition of the records of one of the partnerships is not convincing or conclusive that the cost or value of those assets can not be determined. No evidence whatever was offered as to the assets and records of the other partnership, nor is there any evidence of the value of the alleged good will eliminated by the Commissioner. The record also fails to establish that any abnormality existed in the salaries paid officers of petitioner, as compared with those paid by other laundries of similar size in the same locality or that the rental paid by petitioner was so low as to produce an abnormal condition affecting its capital or income.
Upon consideration of the whole record we must hold that petitioner has failed to establish that respondent erred in his determination of the deficiencies. See Appeal of Morris & Co., 1 B. T. A. 704; Appeal of Watt & Shand, Inc., 2 B. T. A. 1273.

Judgment will be entered for the respondent.

Considered by Maequette, Millieen, and Phillips.